The opinion of the court was delivered by
Tirghman, C. J.
The ground of the rejection was, that the evidence was not relevant, because the payments had been made *217 before the articles were cancelled, and the plaintiff 'had proved no express agreement, that the money should be refunded. In this, it appears to me, that the court was wrong. The evidence applied, directly to the count for money had and received, &c. and could not be said to be irrelevant, without assuming the fact in dispute, viz. that the .money was not to be refunded; for; if it was to be refunded, then the money received by the defendant would, in law, have been for the use of the plaintiff. Now, the question, whether the parties had agreed that the money should be refunded, should have been left to the jury; for it was simply a matter of fact, which should not have been taken from them. The plaintiff should have been permitted to prove the several sums which had come to the hands of the defendant; and, at the same time, the jury should have been- instructed by the court, that their verdict ought to be for the defendant, unless the plaintiff satisfied them, that, upon cancelling the articles of sale, it had been agreed, that the money which he had paid, should be refunded. The plaintiff offered evidence, also, that when he re-delivered the possession of the land to the defendant, it was in as good-condition as when he received it from him. And this too was rejected, on the ground of irrelevancy. I think it was relevant, because, if the plaintiff had re-delivered the land, in a worse condition than he received it, that circumstance might have had some tendency to lead the jury to the conclusion, (in the absence of express evidence,) that the money paid by the plaintiff was not to be refunded. I am of opinion, that all the rejected evidence ought to have been admitted, and, therefore, the judgment should be reversed, and a venir'e de novo awarded.
Judgment reversed, and a venire facias de novo awarded*